John D. Bennett, S.
This is a consolidated appeal from the pro forma orders confirming the appraisals by the New York State Tax Commission of the property of the estate of Edith Pratt Maxwell and the estate of Richardson Pratt.
In both estates the question before the court is the same: whether or not the decedent had an indefensibly vested interest in the income and principal in the testamentary trust of Charles Pratt who died in 1891. If the interest was indefensibly vested the taxing order is correct; if not, it is erroneous.
Charles Pratt made his will in 1889, less than two years prior to his death. Charles Pratt was a wealthy man. He provided amply for his wife, made substantial gifts to the Pratt Institute in Brooklyn, and left the residue of his estate *289 in trust, divided into eight shares, one for each of his eight children. All of these trusts were measured by the lives of his two youngest grandchildren, the older being then three years old. Each trust provided for fixed income payments to the child dependent upon age, and the payments escalated as the child became older. If a child died during the trust term leaving issue, the income thereafter was paid to that child’s issue, or, if there were no issue, then to the surviving children of the testator, and to the issue of any deceased children in equal shares per stirpes and not per capita.
The trust provided as to principal that “ [u]pan the death of Morris Pratt and Mary Richardson Babbott, and the survivor of them (the measuring lives), the capital, or what remains thereof, and the accumulations and increase thereof of each share ” shall be delivered to each child. If any child be dead leaving no issue, the share to be paid to the surviving children, and to the issue of any children who may be dead, per stirpes and not per capita, and if any child be dead leaving issue, the share to be paid over to such issue in fee simple and absolutely, “ and upon the termination of the trust by this article of my Will created, I give, bequeath and devise the same accordingly.”
One of the testator’s eight children, Herbert F. Pratt, died in 1945, leaving five children, one of whom was Edith Pratt Maxwell, one of the decedents herein (and granddaughter of the testator), who died in 1956. She left her surviving children and grandchildren.
Another of the testator’s eight children, Charles M. Pratt, died in 1935 leaving four children, one of whom was Richardson Pratt, the other decedent herein (and grandson of the testator), who died in 1959. He left him surviving children and grandchildren.
The respondent contends there are no words requiring grandchildren of the testator (both decedents herein) to survive to the end of the term of the trust, and in the absence thereof the law favors vesting. Further, even in a class gift, provided the will is clear on the point, a vesting may be had in a member of the class who dies before distribution.
All parties agree that the intention of the testator is controlling. The question then is: Did Mr. Pratt, the testator, intend that his grandchildren or their estates should acquire indefensibly vested interests in the future income and in the principal of these trusts if their parent should predecease them during the trust term, or did he intend his grandchildren to *290 acquire vested rights only if they should he living whenever the trust term terminated?
Charles Pratt, the testator, chose measuring lives that gave the trust the longest possible term legally within his powers. There was no vesting in his children, and if any child died without issue, the income then went to the survivors of his other children, or, if any be dead leaving issue, then to their issue per stirpes. As to principal, the testator prefaced the trust clause with “ [u]pan the death of Morris Pratt and Mary Richardson Babbott, and the survivor of them,” * * * which is indicative of his intent. If any child be dead leaving no issue, that share to be paid over to the survivors of his children, or if any be dead leaving issue, then to their issue per stirpes. The court feels the use of the term ‘ ‘ issue ’ ’ is significant and its use was not confined or limited to grandchildren, but was used in the broader sense as indicating all descendants, particularly when coupled with “ per stirpes ”.
Had the testator intended to leave a life estate for his children and grandchildren, with vesting in the estates of the grandchildren, he would have used much simpler and direct language to say so.
The language “ and upon the termination of the trust” in the trust article concerning the principal is indicative of the time of vesting, not of part or parts but of the whole trust.
The trusts here have not terminated. One of the two measuring lives, the grandchild Mary Babbott Ladd (formerly Mary Richardson Babbott) is still living. The trusts have continued for over 60 years.
From the evidence adduced herein, it appears that the Pratt family over the prior 60 years have adopted and acted upon a construction of the will as creating no indefensibly vested interests in any person whatever, but instead as making all interests contingent upon survivorship to the time of the death of the second measuring life. Were the issue before this court between members of the Pratt family, this construction would, in the opinion of this court, be binding on them. However, in the present appeals the New York State Tax Commission is a party and is not bound by the family construction.
The court find^ that it was the testator’s intention to leave the gifts to a class, those in being at the time of termination of the trusts as measured by the death of the last of the two measuring lives; ¡ that the grandchildren herein (the two decedents) had a life'interest only in the income of each trust, and their interest in the principal would become indefensibly vested only in the event' they survived the two measuring lives.